**Richard B. KAY, Plaintiff, Appellant,**

v.

**NEW HAMPSHIRE DEMOCRATIC PARTY, et al., Defendants, Appellees.**

**No. 86–2047.**

United States Court of Appeals, First Circuit.

Argued April 8, 1987.

Decided June 16, 1987.

Richard B. Kay, for plaintiff, appellant.

Robert A. Stein, with whom Katharine L. Klein and Shaheen, Cappiello, Stein & Gordon, Concord, N.H., were on brief, for defendant, appellee George Bruno.

John T. Broderick, Jr., Manchester, N.H., for defendant, appellee New Hampshire Democratic Party.

Carol L. Hess and Kenneth G. Bouchard Law Offices, Manchester, N.H., on brief, for defendant, appellee Ted N. Globe.

Before COFFIN and TORRUELLA, Circuit Judges, and MALETZ,[*] Senior Judge.

PER CURIAM.

To make a long story—already well told by the district court—short, appellant complains that his rights were violated when he was denied permission to speak at a presidential candidates' forum and was arrested after he refused to leave the speakers'

___

[*] Of the United States Court of International Trade, sitting by designation.

platform. The district court dismissed the civil rights claims filed against the New Hampshire Democratic Party and two of its officials ("Party defendants"),[1] and it is this curtailment of his lawsuit and the court's refusal to allow an amended complaint that are the bases for appellant's appeal.[2]

We find no error in the district court's decision to dismiss the disputed claims because we conclude that appellant has not been deprived of any cognizable constitutional right. In his complaint,[3] he alleges that defendants "den[ied] him the right as a Democrat, at an official Democratic Party function, to which he had been originally included as a participant in the Forum, to exercise his Freedom of Association and Freedom of Speech." Amended Complaint, paragraph 40. At oral argument, he stated that he was denied the right to be free from arbitrary arrest and that his right of free speech was denied as a result of that arrest.[4]

■ First, with regard to the free speech and association claims, we find no basis for appellant's asserted First Amendment right to speak at the party meeting. "[T]he constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." *Hudgens v. NLRB*, 424 U.S. 507, 513, 96 S.Ct. 1029, 1033, 47 L.Ed.2d 196 (1976). We fully concur in the district court's conclusion that, in holding the forum, the Party was not engaged in governmental activity. District Court opinion at 7–9. *Cf. Terry v. Adams*, 345 U.S. 461, 469, 73 S.Ct. 809, 813, 97 L.Ed. 1152 (1953) (local political

organization's primary election is "integral part" of the county's elective process and so exclusion of blacks on racial grounds violates Fifteenth Amendment); *Smith v. Allwright*, 321 U.S. 649, 663, 64 S.Ct. 757, 765, 88 L.Ed. 987 (1944) (political party is agency of the state "in so far as it determines the participants in a primary election"). And appellant does not argue that the candidates' forum presented an exception to the rule that the Constitution provides no redress when private parties abridge the free expression of others. *See Hudgens*, 424 U.S. at 513–21, 96 S.Ct. at 1033–37; *Marsh v. Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946). Moreover, any attempt to characterize the candidates' forum as a governmental activity subject to constitutional restrictions or to establish an exception to the general rule that the First Amendment does not protect against private action would confront recent precedent protecting the First Amendment freedoms of political parties against infringement by the state. *See, e.g., Democratic Party of United States v. Wisconsin*, 450 U.S. 107, 122, 101 S.Ct. 1010, 1019, 67 L.Ed.2d 82 (1981) ("[T]he freedom to associate for the 'common advancement of political beliefs' ... necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only." (Citation omitted.)) This precedent indicates that, at least in the absence of a compelling reason, we must not, in the words of the district court, "interfer[e] with a party determination as to the choice of speakers who are to address any of its meetings." [5]

1. The individual Party defendants are George Bruno, State Chair of the New Hampshire Democratic Committee, and Ted Goble, Chief of Security for the October 1983 convention.

2. Appellant also sued the City of Manchester, New Hampshire, the city's police chief and two police officers. He reached a settlement with those defendants, and they are not parties to the appeal.

3. In reviewing a Rule 12(b)(6) dismissal, we take the allegations in the complaint as true. *See, e.g., Cape Cod Nursing Home Council v. Rambling Rose Rest Home*, 667 F.2d 238, 240 (1st Cir.1981).

4. Appellant's proposed Second Amended Complaint stated that the alleged conspiracy "deprived the Plaintiff of his First Amendment Rights of Free Association and Freedom of Speech, and to be free from the invasion of his privacy, and his right to be free from unlawful arrest and detention...."

5. It is irrelevant that the co-chairs of the convention were not consulted before appellant was asked to leave the stage and police officers summoned. Both Bruno, as State Chair of the Democratic Committee, and Goble, as Chief of Security for the convention, had the authority, for constitutional purposes, to exclude appellant from participation in their private meeting.

■ Nor do appellant's allegations of conspiracy between the Party defendants and the police give him a cognizable First Amendment claim. Putting aside any deficiencies of the complaint with regard to pleading a conspiracy, *see* district court opinion at 14 n. 9, we see no violation of rights in defendants' decision to enlist the aid of law enforcement officials in removing appellant from the speakers' platform at their private meeting once he refused to leave voluntarily. *See Cape Cod Nursing Home Council v. Rambling Rose Rest Home*, 667 F.2d 238, 243 (1st Cir.1981) ("Since the plaintiff[ ] had no right to [speak at the Forum], the police action in removing [him] could not in itself create such a right where none existed before.").

Second, we also conclude that the facts as alleged by appellant fail to state a cognizable claim against the Party defendants for deprivation of constitutional rights by means of a conspiracy with the police to effect an unlawful arrest. Appellant alleges that his arrest for criminal trespass was unlawful because it was made without probable cause. A person is guilty of criminal trespass "if, knowing that he is not licensed or privileged to do so, he enters or remains in any place." N.H.Rev.Stat.Ann. § 635:2 (1986). Appellant admits in his Amended Complaint that he twice refused requests that he leave the speakers' platform, where he was not authorized to be. Appellant does not allege that the police officers had no knowledge of his actions.[6] In fact, in both his Amended Complaint and proposed Second Amended Complaint, he alleges that the Party defendants and police officers conspired to have him arrested. In light of appellant's admissions that he stayed on stage even after being asked to leave, and his assertions of discussion between the Party defendants and the police prior to his arrest, we agree with the district court's conclusion that, as a matter of law, appellant's arrest for criminal trespass was supported by probable cause.

■ Finally, appellant has alleged no facts even suggesting that these defendants were involved in deciding either the length of his confinement or whether, and on what charge, to prosecute him. The absence of such allegations, together with the existence of probable cause to arrest, compel us to conclude that appellant also has failed to state a claim of false imprisonment or malicious prosecution against the Party defendants.

■ We also find no abuse of discretion in the district court's decisions to deny appellant's motions to amend his complaint. We have considered, in assessing appellant's claims, allegations that appeared for the first time in the proposed Second Amended Complaint. Thus, for the sole reason that such an amendment would have been futile, it was properly denied. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ("futility of amendment" justifies denial of motion for leave to amend); *Cape Cod Nursing Home*, 667 F.2d at 242 n. 5.

Moreover, the justification advanced in behalf of the amended complaint was (a) that facts had been elicited during discovery that threw new light on matters, and (b) that cases cited by the district court in dismissing the complaint highlighted defects in the complaint that could be corrected. These reasons do not account for the subsequent delay of almost three months in moving for amendment. In the circumstances of this case, three months constitutes the "undue delay" noted as a justifiable basis for denial in *Foman*. 371 U.S. at 182, 83 S.Ct. at 230. Although a district court should state explicitly its reasons for

---

**6.** *See Michigan v. DeFillippo*, 443 U.S. 31, 37, 36, 99 S.Ct. 2627, 2632, 2631, 61 L.Ed.2d 343 (1979):
'[P]robable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.

The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest.

denial, the omission in this case, at best, amounts to harmless error.

We conclude that appellant's remaining arguments are without merit.

*Affirmed.*