Anthony R. MARTIN–TRIGONA

v.

UNIVERSITY OF NEW HAMPSHIRE; Board of Trustees of the University of New Hampshire; Gordon Haaland, President.

No. M. 87–56–D.

United States District Court, D. New Hampshire.

Jan. 5, 1988.

---

**24**

ORDER

DEVINE, Chief Judge.

Anthony Martin–Trigona is one of thirty-four Democrats who have filed their candidacy for nomination in the New Hampshire Presidential Primary. The University of New Hampshire ("UNH") has announced intent to invite some of those candidates to a debate to be held on January 24, 1988.[1]

Mr. Martin–Trigona perceives that failure to invite his participation in the debate at UNH violates his rights of free speech in derogation of the First Amendment.[2]

At this stage of the proceedings I consider his objection to a portion of the "Report and Recommendation" of the Magistrate.[3] That objection challenges the recommendation that dismissal of the putative complaint is in order. Rule 12(b)(6), Fed.R.Civ. P.[4]

Martin–Trigona seeks to name as defendants UNH, its Board of Trustees, and Gordon Haaland, its President. UNH is a component of the State College and University System, New Hampshire Revised Statutes Annotated ("RSA") chapter 187–A:2 (Supp.

1986). Funded in part by legislative appropriation, *id.*, §§ 7, 8, UNH is governed by a board of trustees, *id.*, §§ 2–a, 13 to 16. The trustees "appoint and fix the compensation of" the president of UNH. *Id.* § 16 I. Physically located at Durham, UNH includes a group of colleges and schools offering undergraduate and graduate degrees in various of the arts and sciences. RSA 187–A:4 (Supp.1986).

It is clear, therefore, that the allegations as to invitations by UNH to a political debate would qualify as state action. *D'Amario v. Providence Civic Center Auth.*, 783 F.2d 1, 3–4 (1st Cir.1986); *Ponce v. Basketball Federation of Commonwealth of Puerto Rico*, 760 F.2d 375, 377–78 (1st Cir.1985); *Mendez v. Belton*, 739 F.2d 15, 17 (1st Cir.1984).[5]

■ The thrust of the claim which Mr. Martin–Trigona here seeks to advance is that UNH, as a state-supported university, is a public forum and that, accordingly, it must invite *all* or *none* of the declared candidates to debate. This claim is devoid of legal merit.

The First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired. *Heffron v. Int'l Society for Krishna Consciousness*, 452 U.S. 640, 647, 101 S.Ct. 2559, 2564, 69 L.Ed.2d 298 (1981); *Kay v. Bruno*, 605 F.Supp. 767, 772 (D.N.H.1985), *aff'd* 821 F.2d 31 (1st Cir. 1987). And mere governmental ownership or control of property does not guarantee

---

**1.** Dartmouth College in Hanover, New Hampshire, has announced a similar intent to host a debate among the Republican Primary candidates on January 16, 1988.

**2.** The First Amendment provides in relevant part that "Congress shall make no law ... abridging the freedom of speech."

**3.** Mr. Martin–Trigona is apparently attracted to litigation as is a honeybee to nectar. Accordingly, he is under a mandate of the Connecticut federal court whereby, in relevant part, he is required before filing pleadings in any federal court to procure permission to do so from said court. *In re Martin–Trigona*, 592 F.Supp. 1566 (D.Conn.1984), *aff'd* 763 F.2d 140 (2d Cir.1985), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986). The recommendation here made by the Magistrate with respect to that

aspect of this litigation was to permit filing, although Martin–Trigona had not fully complied with the mandate of the federal court in Connecticut.

**4.** Rule 12(b)(6), Fed.R.Civ.P., sets forth as a ground for dismissal "failure to state a claim upon which relief can be granted."

**5.** The putative complaint invokes jurisdiction on alleged deprivation of rights afforded under the First Amendment and diversity of citizenship. 28 U.S.C. § 1332. The pleadings, however, involve "state action", and thus may be construed as invoking a violation of civil rights afforded pursuant to 42 U.S.C. § 1983, the jurisdiction of which arises pursuant to 28 U.S.C. § 1331.

access to all for First Amendment purposes. *Perry Educ. Assoc. v. Perry Local Educators' Assoc.*, 460 U.S. 37, 46, 103 S.Ct. 948, 955, 74 L.Ed.2d 794 (1983). While, subject to reasonable rules and regulations, colleges and universities must afford their faculty and students full access to First Amendment rights, *Healey v. James*, 408 U.S. 169, 180, 192–93, 92 S.Ct. 2338, 2345–46, 2352, 33 L.Ed.2d 266 (1972); *Aman v. Handler*, 653 F.2d 41 (1st Cir. 1981), they may otherwise restrict access to those who are not members of such groups.

■ Universities traditionally possess broad discretion in administration of their internal affairs. *Downing v. LeBritton*, 550 F.2d 689, 692 (1st Cir.1977). In light of the special characteristics of the educational environment, it has been aptly stated:

> A university differs in significant respects from public forums such as streets or parks or even municipal theaters. A university's mission is education, and decisions of this Court have never denied a university's authority to impose reasonable regulations compatible with that mission upon the use of its campus and facilities. We have not held, for example, that a campus must make all of its facilities equally available to students and nonstudents alike, or that a university must grant free access to all of its grounds or buildings.

*Widmar v. Vincent*, 454 U.S. 263, 268 n. 5, 102 S.Ct. 269, 273 n. 5, 70 L.Ed.2d 440 (1981).

This is not a case where selection of invitees is being made on discriminatory grounds where the host bars participation because it does not favor the political position advanced by the uninvited.[6] Accordingly, UNH may offer selected access to the debate to one, four, or eight of the declared candidates without violating the First Amendment rights of those not invited.

■ Otherwise put, the mere status of Mr. Martin–Trigona as a declared candidate

does not require that he be granted access equal to those of all other candidates to participate in a debate at UNH. His putative complaint simply fails to state a claim upon which relief can be granted.

On de novo determination of the objections here made, I find and rule that the Report and Recommendation of the Magistrate is to be affirmed in all respects. 28 U.S.C. § 636(b)(1)(C). The complaint may be filed, but it is to be dismissed for failure to state a claim upon which relief may be granted. Rule 12(b)(6), Fed.R.Civ.P. Judgment is to enter accordingly.

SO ORDERED.

---

**6.** Presumably, the invitation is to be limited to the major or better-known candidates, a group which spans the political spectrum and includes current or former United States Senators and Representatives, state governors, and a civil rights leader.