Stephen A. KOCZAK

v.

J. Joseph GRANDMAISON, Chairman,
New Hampshire Democratic Party.

Civ. No. 88–30–D.

United States District Court,
D. New Hampshire.

Jan. 22, 1988.

1. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

2. The pleadings reference is to Title 11 of the United States Code, which reference, of course, concerns the Bankruptcy Code of the United States. The error apparently arose from confusion by the plaintiff of Title 11, Code of Federal Regulations, with the statute, for the reference to the Code of Federal Regulations does have application to FECA.

3. The enforcement scheme of FECA generally, 2 U.S.C. § 437(g), provides for the filing of a com-

ORDER

DEVINE, Chief Judge.

On the morning of January 22, 1988, following hearing, the Court orally denied plaintiff's request for preliminary injunction and dismissed his complaint. As promised, this Order sets forth in greater detail the reasoning behind the oral rulings.

Plaintiff Stephen A. Kozcak, a resident of New Jersey, is one of a number of candidates seeking nomination in the New Hampshire Democratic Primary. Defendant J. Joseph Grandmaison is the Chairman of the New Hampshire Democratic Party. The New Hampshire Democratic Party has invited some, but not all, of the qualified primary candidates to debate on the campus of the University of New Hampshire ("UNH") on Sunday, January 24, 1988. The pleadings herein were filed on the late afternoon of January 21, 1988, and the Court immediately scheduled a hearing in light of the time constraints.

In broad context, plaintiff contends that unless all of the qualified primary candidates are allowed to participate in the debate, none should be allowed such participation. Invoking what he perceives to be deprivation of his rights under the federal Constitution, including denial of freedom of speech and assembly, due process, and equal protection of the laws, plaintiff also invokes the familiar provisions of the civil rights statutes codified at 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1973.[1] He also cites (erroneously in his pleadings)[2] the provisions of the Federal Election Campaign Act ("FECA"), codified at 2 U.S.C. § 431 *et seq.*[3] The relief sought by way of injunction is either the participation of

plaint with the Federal Election Commission, which either dismisses or investigates the complaint. If the complaint is dismissed, jurisdiction of review thereof is lodged only in the United States District Court for the District of Columbia, but if investigation goes forward, the Commission then seeks conciliation, barring which it may launch a suit in any district court where the source of the complaint arose. It may also refer matters to the Attorney General for prosecution. No complaint was ever here filed with the Federal Election Commission.

plaintiff in the scheduled debate or the denial of any of the candidates to participate therein.

Before a plaintiff may be entitled to the extraordinary relief of preliminary injunction, the trial court must find: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *Planned Parenthood League of Mass. v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981).

After hearing carefully all of the arguments advanced by plaintiff and counsel for the defendant, the Court orally rules, and here confirms its finding, that the situation presented by the circumstances of this case is clearly governed by the recent decision of this Court in *Kay v. Bruno,* 605 F.Supp. 767 (1985), *aff'd sub nom., Kay v. New Hampshire Democratic Party,* 821 F.2d 31 (1st Cir.1987). Specifically, no governmental action is involved when the New Hampshire Democratic Party seeks to invite one, three, or twelve candidates to debate the issues of the campaign. Additionally, the afterthought argument of plaintiff to the effect that because a state university (UNH) is involved does not trigger entitlement to his participation in the debate pursuant to any constitutional or statutory rights afforded him. *See Martin–Trigona v. University of New Hampshire,* 685 F.Supp. 23 (D.N.H.1988) (citing in relevant part *Widmar v. Vincent,* 454 U.S. 263, 268 n. 5, 102 S.Ct. 269, 273 n. 5, 70 L.Ed.2d 440 (1981)).[4]

In short, the mere fact that plaintiff or any of the other candidates have qualified to be on the primary ballot does not mean that they are all entitled equally to participate in every forum and every debate which the New Hampshire Democratic Party sponsors.[5]

In short, the Court finds and rules that the plaintiff has failed to sustain his burden of proof by a preponderance of the evidence with respect to any of the four criteria which must be established before the relief of preliminary injunction may issue. Additionally, as the likelihood of success on the merits of this litigation is nil, the action must be dismissed. Accordingly, the petition for preliminary injunction is herewith denied, and the complaint is ordered dismissed.

SO ORDERED.

---

**4.** The *Martin–Trigona* Opinion was issued in the context of a complaint which contended that UNH was the sole invitee of the participants to the debate. Apparently this is true, but selection of those to be invited was made by the New Hampshire Democratic Party.

**5.** Plaintiff's citation of 11 C.F.R. § 114.4(2)(ii) clearly has no application to the circumstances of the instant case. As the Court pointed out in the course of its oral rulings, that provision of the Regulations concerns invitations to presidential candidates by employers who seek to have them address the "captive audience" of employees. Similarly, the national Democratic Party's rules with respect to access to meetings of the Party (appended to plaintiff's pleadings) provide no guidance upon which the Court may rule in the instant case, as they clearly have no application to the factual circumstances here presented.