William G. BANCHY, et al., Plaintiffs,

v.

The REPUBLICAN PARTY OF HAMILTON COUNTY, et al., Defendants.

Civ. No. C-1-88-0499.

United States District Court, S.D. Ohio.

March 1, 1989.

Timothy Burke, Cincinnati, Ohio, for plaintiffs.

Carl Stich, Jr., Cincinnati, Ohio, for defendants.

ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon plaintiffs' William G. Banchy, et al. motion for attorneys' fees pursuant to 42 U.S.C. § 1988 (doc. no. 3). The parties have filed numerous pleadings in response to and in support of such motion (doc. nos. 8, 11, 14). For the reasons contained herein, plaintiffs' motion is hereby DENIED.

The plaintiffs in this action are four precinct Executives for the Hamilton County Republican Party ("Party"), who filed a cause of action against the Party and John H. Hermanies in his official capacity as the Party's Executive Committee Chairman. The plaintiffs alleged that the defendants violated the Republican Party Constitution by failing to follow the Constitution's terms in the election of its Ward Chairmen. The action was resolved between the parties by the defendants' voluntary action without any Court intervention. However, on July 20, 1988, plaintiffs filed a motion for attorneys' fees and expenses in the amount of $5,806.00.

On Tuesday, May 3, 1988, the Republican Party Primary was held in Hamilton County, Ohio. The four plaintiffs were elected as precinct committeemen of their respective precincts and the results were officially certified by the Hamilton County Board of Elections on May 19, 1988. At that time each defendant became a member of the Hamilton County Republican Party's Central Committee.

Ohio law mandates the selection of an Executive Committee, but does not specify the manner in which the members shall be selected. Ohio Revised Code § 3517.03. The selection process of the Executive Committee is therefore set forth in the Republican Party Constitution. The Party Rules provide that the duly elected members of the County Central Committee

from each ward in the City of Cincinnati and each township and city outside the City of Cincinnati "should choose" one person to become a member of the Executive Committee. Plaintiffs' claimed that they were not afforded the opportunity to vote as provided in the Party Rules. These assertions are based on one of either two allegations; (1) that plaintiffs were not notified of the meeting to select the Executive Committee; or (2) that they were not able to participate in signing the petition for selection of Ward Chairman because a majority of the Central Committee members had already signed.

On the same day the complaint was received by John H. Hermanies, the Chairman of the Executive Committee, he called plaintiffs' counsel regarding the allegations. Rather than dispute the merits of the suit, the defendants immediately volunteered to hold new meetings. Defendants' position is that the plaintiffs unnecessarily expended 60 hours of time preparing a Complaint, motion for Temporary Restraining Order, and affidavits in support. Defendants argue that the very same result would have been achieved if plaintiffs' counsel would simply have called and asked for a new meeting prior to filing any cause of action.

Conversely, plaintiffs' position is that any determination on the motion for attorneys' fees should focus on the question of whether the plaintiff prevailed; whether the suit contributed to the result; and whether there was at least a minimum legal justification for the suit. Therefore plaintiffs purport an entitlement to attorneys fees in regard to the action.

This Court observes that in order for the plaintiffs to recover attorney fees under 42 U.S.C. § 1988, they must establish that under 42 U.S.C. § 1983 the Defendants' conduct must be considered "state action." It is well settled that in order to state a claim under 42 U.S.C. § 1983 the plaintiffs must allege that the defendants: 1) deprived the plaintiffs of some right or privilege secured by the Constitution and Laws of the United States and; 2) acted under color of state law. *Lugar v. Edmondson Oil Company,*

457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Flagg Brothers v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

The Supreme Court has defined "state action that infringes upon a constitutional right" as being conduct which is fairly attributable to the state. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418 (1982). Phrased another way, "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Adams v. Vandemark,* 855 F.2d 312, 314 (6th Cir.1988); *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2785–86, 73 L.Ed.2d 534 (1982).

In analyzing "state action" under § 1983, the test is more properly phrased as: first, the deprivation must be caused by the exercise of some right or privilege created by the state or by rule of conduct imposed by the state or by a person for whom the state is responsible. Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state. *Lugar,* 457 U.S. at 937, 102 S.Ct. at 2753–54. The United States Court of Appeals for the Sixth Circuit has recognized that the Court must look to *all* the facts to determine whether an individual may fairly be said to be a state actor. *Adams v. Vandermark,* 855 F.2d 312 (6th Cir.1988); *Lugar,* 457 U.S. at 939, 102 S.Ct. at 2754.

The issue this Court must therefore determine is whether the actions of the defendants (a political party) can be considered "state action". While this issue has not been considered in the United States Court of Appeals, the Court considers the following to be persuasive on this issue. *California Republican Party v. Mercier,* 652 F.Supp. 928 (C.D. Cal.1986) (though heavily regulated, the California Republican Party is not part of the state government and its actions are not state actions); *Koczak v.*

*Grandmaison,* 684 F.Supp. 763 (D.N.H. 1988) (no governmental action is involved when the New Hampshire Democratic Party decided to invite some but not all candidates to debate on the issues of an upcoming campaign).

In the instant action, the conduct at issue is the election of a member to the Executive Committee by the Hamilton County Republican Party's Central Committee. This Court observes that such a process is established only in the Republican Party Constitution. Although the plaintiffs were elected in the Republican Party Primary, the conduct at issue involves only an election to the Executive Committee. In such light this Court finds that the conduct on behalf of defendants cannot be considered fairly attributable to the state and thus not "state action" under 42 U.S.C. § 1983. Thus plaintiffs may not recover attorney fees under 42 U.S.C. § 1988.

Accordingly, plaintiffs' motion for attorneys' fees is hereby DENIED.

IT IS SO ORDERED.