# United States Court of Appeals

## For the First Circuit

No. 02-1279

JANET DONOVAN; THOMAS DONOVAN,

Plaintiffs, Appellants,

v.

CITY OF HAVERHILL; JAMES RURAK, Mayor;
JAMES FLAHERTY, Individually and as agent
of the City of Haverhill,

Defendants, Appellees,

VERIZON COMMUNICATIONS, INC.

Defendant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Rya W. Zobel, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
B. Fletcher,[*] Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Rosemary A. Macero, with whom Macero and Associates, P.C. was on brief, for appellants.
Gregg J. Corbo, with whom Joseph L. Tehan, Jr. and Kopelman and Paige, P.C. were on brief, for appellees.

---

November 15, 2002

---

[*] Hon. Betty B. Fletcher, of the Ninth Circuit, sitting by designation.

**TORRUELLA**, <u>Circuit Judge</u>.  Plaintiffs-appellants, Janet and Thomas Donovan ("the Donovans"), appeal from the district court's grant of judgment on the pleadings in favor of defendants-appellees.[1]  After a thorough review of parties' briefs and the record, we affirm the district court's determination for the reasons stated below.

## I.  Background

On June 14, 2000, the Donovans submitted an application to move their house on a public road in Haverhill.  The city responded with a list of requirements that the Donovans would have to meet before the permit could issue, such as having the telephone company remove the wires along the route and obtaining a foundation permit.  Once the Donovans fulfilled these initial conditions, the Donovans contend that Flaherty and Mayor Rurak added new requirements in bad faith.  For example, Flaherty told the Donovans that they would have to pay for the trimming of the trees along the 4.4 miles of their move route, and that they would need police and fire department approval.  In addition, Mayor Rurak asked the Haverhill City Council to hold two hearings regarding the house move.

On October 30, 2000, the Donovans filed an Emergency Motion for Injunctive Relief in Essex Superior Court to force Mayor

---

[1]  Defendants include the city of Haverhill ("Haverhill"); the mayor of Haverhill, James Rurak ("Mayor Rurak"); and Haverhill's public works director, James Flaherty ("Flaherty").

Rurak to issue the permit. The court denied the claim as unripe. Then, on November 6, 2000, Mayor Rurak issued the permit, allowing the Donovans to move their house on November 12-13, 2000. Due to the delay created by the additional conditions, the Donovans brought multiple claims in Essex Superior Court against defendants, including violations of their right to travel on the public ways, 42 U.S.C. § 1983, due process, and equal protection. In addition, they brought several state law claims. Defendants removed to federal district court and filed a motion for judgment on the pleadings, which the district court granted.

## II.  Standard of Review

We review Rule 12 dispositions de novo. Rosa v. Park West Bank & Trust Co., 214 F.3d 213, 215 (1st Cir. 2000). This means that "[w]e accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., 215 F.3d 172, 175 (1st Cir. 2000).

## III.  Dismissal of the Complaint Without Granting Leave to Amend and Undertake Discovery

The Donovans summarily argue that the district court erred as a matter of law by dismissing their complaint without granting them leave to amend and undertake discovery to avoid dismissal. We need not reach the merits of this claim because

plaintiffs failed to develop their argument and, consequently, have waived it for purposes of appeal. See FDIC v. LeBlanc, 85 F.3d 815, 820 (1st Cir. 1996) (stating that "'issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [will be] deemed waived for purposes of appeal'" (quoting Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 36 (1st Cir. 1994))). Other than making a bald assertion of abuse, plaintiffs fail to explain how the district court abused its discretion or allege what evidence they would have presented had the court granted their request to amend. Therefore, plaintiffs have waived this claim.

## IV.  Right to Travel

The Donovans contend that the right to move a building on a public way is a subset of the right to travel and, as such, is the fundamental right underlying their claims. Whether or not house-moving is protected, reasonable regulation is permissible and necessary. The ordinance and its application here did not exceed the bounds of reasonable regulation to protect the public. Therefore, we affirm dismissal of the Donovans' claims based on the right to travel.

## V.  Section 1983 Claims

The Donovans next claim that defendants violated their rights to equal protection and substantive due process, constitutional violations warranting relief under 42 U.S.C.

§ 1983.[2] Plaintiffs contend that defendants violated the Equal Protection Clause by increasing the procedural bars for plaintiffs in contrast to another person who applied for and received a permit in 1996.[3] While we realize that a successful equal protection claim can be brought by a "class of one," the Donovans must allege that they have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). The Donovans have failed to do so.

Although the Donovans allege that, by adding conditions to the permit application, Flaherty and Mayor Rurak acted in bad faith and with malicious intent, they do not provide any information about how any other party was similarly situated or present a motive to explain why the Haverhill officials would treat them arbitrarily or irrationally. Thus, the Donovans do not allege the elements of a viable equal protection claim. See Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 104 (1st Cir. 2002) (rejecting an equal protection claim where appellant "failed to

---

[2] Plaintiffs have alleged no cognizable causes of action against Flaherty or Mayor Rurak in their individual capacity for violations of plaintiffs' civil rights. Therefore, we only consider the claims asserted against Flaherty, and Mayor Rurak in their official capacities.

[3] We summarily affirm dismissal of plaintiff's other section 1983 claims on grounds identical to those of the district court.

identify specific evidence concerning similarly situated individuals who received more lenient treatment . . . or to adduce evidence of an arbitrary or irrational motive" for the adverse action).

## VI. Vagueness Challenge to Local Ordinance

Lastly, the Donovans claim that the Haverhill ordinance governing the moving of buildings, Haverhill General Code, ch. 123-1, is void for vagueness on its face because it vests unfettered discretion in Mayor Rurak to grant permits.[4]  We find that this claim lacks merit.

To prevail in a facial challenge to an ordinance that does not regulate constitutionally protected conduct, plaintiffs must surmount a dauntingly high hurdle.  See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc, 455 U.S. 489, 498-99 (1982).  Plaintiffs "must demonstrate that the law is impermissibly vague in all of its applications."  Whiting v. Town of Westerly, 942 F.2d 18, 22 (1st Cir. 1991); cf. United States v. Salerno, 481 U.S. 739, 745 (1987) (stating that "[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully").  Thus, the Donovans have the formidable task of showing that "'no standard of conduct is specified at all.'"

---

[4]  Plaintiffs also summarily argue that the Haverhill ordinance, as applied, violates equal protection.  Plaintiffs have waived this claim because they fail to make any effort at developed argumentation.  See FDIC v. LeBlanc, 85 F.3d 815, 820 (1st Cir. 1996).

<u>Village of Hoffman Estates</u>, 455 U.S. at 495 n.7 (quoting <u>Coates</u> v. <u>City of Cincinnati</u>, 402 U.S. 611, 614 (1971)).  Plaintiffs cannot make this showing.

As a preliminary manner, we note that the terms of the Haverhill ordinance clearly specify the conduct that is prohibited: plaintiffs cannot move their house without a permit.[5] <u>Cf.</u> <u>City of Chicago</u> v. <u>Morales</u>, 527 U.S. 41, 57 (1999) (striking down an ordinance for vagueness because it failed to describe what "loitering" was permissible and what was prohibited).

Furthermore, contrary to plaintiffs' assertions, the mayor's discretion in the grant of permits is not unrestrained. Applicable Massachusetts law dictates that "selectmen" grant permits "upon such terms as in their opinion the <u>public safety may require</u>."  Mass. Ann. Laws ch. 85, § 18 (2002) (emphasis added).[6] In addition to restricting the exercise of the mayor's discretion

---

[5]  Haverhill General Code, ch. 123-1 states the following:

> No building or structure shall be moved over or through any public street or way in the city except under a permit granted by the Mayor, and every such permit shall state the streets or ways through or over which and the time within which the building or other structure shall be moved and also every other provision and condition which the Mayor shall deem necessary.

[6]  In its entirety, section 18 reads: "No person shall move a building in a public way without written permission from the selectmen or road commissioners, to be granted upon such terms as in their opinion the public safety may require; and the superior court shall have jurisdiction in equity to enforce this section." Massachusetts applies this section to cities as well as towns. <u>Commonwealth</u> v. <u>Byard</u>  200 Mass. 175, 176 (1908).

-7-

to public safety concerns, section 18 provides applicants with notice that to secure a moving permit they may have to meet requirements necessary to ensure public safety. As we have stated before, "[w]here a standard is not so vague that reasonably intelligent people 'must necessarily guess at its meaning,' we must presume that state courts will give it a limiting construction that will preserve its facial constitutionality." Fantasy Book Shop, Inc. v. City of Boston, 652 F.2d 1115, 1123 (1st Cir. 1981) (quoting Broadrick v. Oklahoma, 413 U.S. 601, 607 (1973)).

The grant of discretion in the issuance of moving permits is a practical necessity. Because every house and route is different, an individual assessment of the impact of each move on the community is required. See id. (stating that a vague factor "may be reasonably necessary to embrace all of its legitimately intended objectives without creating an encyclopedic and unwieldy ordinance"); see also Brasslett v. Cota, 761 F.2d 827, 838 (1st Cir. 1985) (explaining that the Supreme Court and the First Circuit have upheld "catch-all" clauses where it is impractical to formulate an exhaustive list of actionable conduct). In this case, the Haverhill ordinance necessarily contained a "catch-all" provision because inclusion of all possible conditions would have created an "unwieldy ordinance." Further, section 18 put plaintiffs on notice that receipt of a moving permit would be subject to meeting conditions reasonably related to the public

-8-

safety, and, in accordance with the terms of the law, city officials only imposed conditions so related.

## VII. Conclusion

For the foregoing reasons, we **affirm** the district court's grant of judgment on the pleadings to defendants.[7] Costs are assessed against plaintiff-appellants.

---

[7] To the extent that plaintiffs make any state claims, we interpret the district court order as declining to exercise supplemental jurisdiction over the pendent state claims pursuant to 28 U.S.C.A. § 1367(c)(3) (2000).