**Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 01-2290

RICHARD MAX STRAHAN,

Plaintiff, Appellant,

v.

PAUL FRAZIER, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Stahl, Senior Circuit Judge,
Lipez and Howard, Circuit Judges.

Richard Max Strahan on brief pro se.
Joseph L. Tehan, Jr., Katharine Goree Doyle and Kopelman and Paige, P.C. on brief for appellees Town of Braintree, Frazier, Sellgren, Sanderson.
Douglas I. Louison, Regina M. Ryan and Merrick, Louison & Costello on brief for appellee Karen MacAleese.

March 21, 2003

**Per Curiam**. Richard Max Strahan brought a civil rights action against Braintree police officers alleging that on October 31, 2000, they improperly prevented him from gathering signatures on a ballot initiative petition and collecting donations at the South Shore Plaza Shopping Mall by arresting him in violation of the First and Fourth Amendments of the United States Constitution as well as rights under the Massachusetts constitution.[1] The district court granted partial summary judgment for defendants, finding, inter alia, that the Plaza is private property and hence not subject to the First Amendment. However, the court found that Article 48 of the Articles of Amendment of the Massachusetts constitution protects the right to gather signatures for an initiative petition in a private shopping mall, at least in an unobtrusive and reasonable manner, and that there were material issues of fact as to whether Strahan was collecting signatures peacefully and, relatedly, whether he was arrested without probable cause. Following a jury trial, the district court entered judgment for defendants. This appeal followed.

Strahan challenges the district court's summary judgment ruling that there was no First Amendment violation; the district court's failure to resolve his claim that collecting donations is

---

[1]The complaint also references a 1992 incident. However, the district court ruled that Strahan's claim with respect to this earlier incident is time-barred, and Strahan has not challenged this ruling.

also protected activity under the state constitution; the district court's denial of his motion for additional time for discovery pursuant to Fed. R. Civ. P. 56(f); the jury instruction on probable cause for an arrest for state criminal trespass; and the district court's failure to grant his requests for preliminary and permanent injunctive relief. Defendants-appellees have not cross-appealed from the district court's ruling that the Massachusetts constitution protects petitioning in a private shopping mall.

We uphold the rejection of Strahan's First Amendment claim at summary judgment essentially for the reasons stated by the district court. The First Amendment does not prevent a property owner from restricting the exercise of free speech on private property, including a private shopping mall. See Hudgens v. NLRB, 424 U.S. 507, 513-21 (1976). At summary judgment, defendants submitted evidence that the Plaza requested Braintree police to direct Strahan to leave the premises. We have previously rejected attempts, such as Strahan's, to create a First Amendment right of access based on allegations of conspiracy or collusion between the private owner and police officers. See Cape Cod Nursing Home Council v. Rambling Rose Rest Home, 667 F.2d 238, 242 (1st Cir. 1981); see also Kay v. New Hampshire Democratic Party, 821 F.2d 31, 34 (1st Cir. 1987).

The district court's stated reason for not resolving the question whether the state constitution protects soliciting

donations in a private shopping mall--namely, that "it is unclear whether the parties dispute whether Strahan was actually collecting donations"--appears to reflect a ripeness determination. The record is clear that Strahan was not, in fact, collecting donations at the time of the arrest, though he has collected donations at the Plaza in the past in violation of Plaza policy. We think that the district court properly refrained from reaching the question given the uncertainty in the record as to what form his "disobedience" has taken in the past and might take in the future, see Blanchette v. Connecticut Gen. Ins. Corps., 419 U.S. 102, 143 n.29 (1974), (listing as factors for case-by-case ripeness determination, inter alia, the certainty that "disobedience" will take a particular form), and the fact that the question involves a complex, unsettled issue of state law, cf. 28 U.S.C. § 1367(c)(1) (district court may decline supplemental jurisdiction if a claim raises a novel or complex issue of state law); 13A Wright, Miller, & Cooper, Federal Practice & Procedure § 3532.5 at 191 (2d Ed. 1984) (suggesting that it is appropriate to consider deference to state institutions either as part of a ripeness determination or as an independent matter of abstention doctrine).

Strahan's remaining contentions do not require extended discussion. He makes no developed argument directed at the district court's reasons in rejecting his request for additional time for discovery under Fed. R. Civ. P. 56(f) and, thus, the issue

-4-

is waived.  See Donovan v. City of Haverhill, 311 F.3d 74, 76 (1st Cir. 2002) (issues averted to in a perfunctory fashion, unaccompanied by some effort at developed argumentation, are deemed waived).  Strahan did not interpose a timely objection to the jury charge, and we see no plain error in the instruction that a police officer can convey an owner's request to leave the premises. See Chestnut v. City of Lowell, 305 F.3d 18, 20 (1st Cir. 2002) (plain error review).  Finally, the challenge to the denial of a preliminary injunction is moot, see Chaparro v. Int'l Longshoreman Ass'n, 983 F.2d 325, 331 n.5 (1st Cir. 1992), and, having lost at trial, Strahan was not entitled to a permanent injunction.

Affirmed.