USCA1 Opinion

 

 March 1, 1995 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________ No. 94-1877 EXECUTIVE LEASING CORPORATION, ET AL., Appellants, v. BANCO POPULAR DE PUERTO RICO, ET AL., Appellees. ____________ ERRATA SHEET The opinion of this court issued on February 27, 1995, is amended as follows: On the cover sheet of the opinion strike the line stating: "[Hon. Hector M. Laffitte, U.S. District Judge]" and insert in ____________________ its place the following: "[Hon. Justo Arenas, U.S. Magistrate Judge.]" _____________________ UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 94-1877 EXECUTIVE LEASING CORPORATION, ET AL., Appellants, v. BANCO POPULAR DE PUERTO RICO, ET AL., Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Justo Arenas, U.S. Magistrate Judge] _____________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Harold D. Vicente, with whom Vicente & Cuebas were on brief for _________________ _________________ appellant. Nestor Duran-Gonzalez, with whom Jaime E. Toro-Monserrate and ______________________ __________________________ McConnell Valdez were on brief for appellee. ________________ ____________________ February 27, 1995 ____________________ BOWNES, Senior Circuit Judge. The plaintiffs, BOWNES, Senior Circuit Judge. _____________________ Executive Leasing Corporation, Manuel Gonzalez Gierbolini and Luz Iraida Gonzalez (both personally and on behalf of their conjugal partnership), allege that defendants Banco de Ponce (now Banco Popular de Puerto Rico, as successor-in-interest) and BanPonce Corporation (collectively, "Banco") violated various provisions of the Bank Holding Company Act (BHCA), 12 U.S.C. 1971 et seq., and Puerto Rico law in their loan __ ____ transactions with the plaintiffs. The district court entered summary judgment for the defendants on the BHCA claim and dismissed the pendent claims without prejudice. Executive _________ Leasing Corp. v. Banco Popular de Puerto Rico, 1994 WL 448985 _____________ ____________________________ (D.P.R. June 20, 1994). The plaintiffs appeal, and we affirm. As a threshold matter, we think that the plaintiffs seriously misconceive their burden on appeal. The plaintiffs make little effort to develop either their factual  ____________________ 1. See, e.g., Plaintiffs' Brief at 29 ("The analysis of the ___ ____ allegations or their claims of error; instead, they offer extrinsic evidence controversy . . . which was proffered by Executive to the District Court deals adequately with the conclusory statements, undigested record citations, repeated matter and it is incorporated by reference."); id. at 35 ___ ("Executive explained the civil law methodology [for dealing assurances that the district court was "thoroughly briefed" with extrinsic evidence in cases alleging illegality or fraud] to the District Court and Executive's explanation is on various matters, and reminders that in reviewing a grant incorporated by reference."); id. at 41 ("Executive provided ___ the District Court with Executive's own understanding of . . of summary judgment, we are "free to consider the entire . the elements of a BHCA claim . . . . Executive respectfully directs the attention of this Court to the record." The plaintiff's brief is less a brief than an relevant materials, and incorporates them by reference.") (there follows a citation to forty pages of the plaintiffs' attempt to incorporate their voluminous district court brief in opposition to summary judgment). The brief is littered with many more examples of implicit incorporation in pleadings by reference.1 We have held that attorneys cannot lieu of factual and legal argument. See, e.g., id. at 31, ___ ____ ___ 39, 40-41 (two examples), 43-46 (four examples). -2- 2 circumvent the page limit of Fed. R. App. P. 28(g) by incorporating by reference a brief filed in another forum. Katz v. King, 627 F.2d 568, 575 (1st Cir. 1980). "If counsel ____ ____ desires our consideration of a particular argument, the argument must appear within the four corners of the brief filed in this court." Id. See also Hunter v. Allis-Chalmers ___ ___ ____ ______ ______________ Corp., 797 F.2d 1417, 1430 (7th Cir. 1986) (issues cannot be _____ preserved by reference to documents filed in the district court; issues must be argued to be preserved); Prudential __________ Ins. Co. of Am. v. Sipula, 776 F.2d 157, 161 n.1 (7th Cir. ________________ ______ 1985) (practice of incorporation results in a composite brief of more than fifty pages; "any risk of oversight [by the court] or of the failure to present properly the arguments on appeal rests with [appellant]"). These appellate rules are wholly consistent with our de novo review of summary judgments.2 While we view the __ ____ summary judgment record in the light most favorable to the nonmoving party, and indulge all reasonable inferences in that party's favor, see, e.g., Vasapolli v. Rostoff, 39 F.3d ___ ____ _________ _______ 27, 32 (1st Cir. 1994), appellants are not excused from arguing the issues being appealed. We will not rely upon  ____________________ 2. Summary judgment is appropriate when the record reflects "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). -3- 3 arguments and allegations that are developed only in the district court pleadings. In light of these principles, most of the plaintiffs' appellate arguments must be deemed waived for lack of developed argumentation. See United States v. ___ ______________ Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. _______ _____ ______ 1082 (1990). We address only those arguments that have arguably been preserved.3 I. FACTS I. FACTS _____ In May, 1983, Executive Leasing Corporation ("Executive") entered a loan agreement with Banco, whereby Executive obtained a line of credit for its principal business, long-term vehicle leasing. As collateral, Executive assigned to Banco the accounts receivable generated by its lease contracts. Part of the loan was to be used to discharge Executive's debt to another bank.  ____________________ 3. Alerted by Banco's brief to their possible waiver, the plaintiffs use their reply brief to "set forth a succinct and veridic version of the facts . . . with limited references to the documents which are part of the record." Arguments not made in the appellant's opening brief, however, are deemed waived. See, e.g., Sandstrom v. Chemlawn Corp., 904 F.2d 83, ___ ____ _________ ______________ 86 (1st Cir. 1990). Moreover, the plaintiffs have not cured the defects of their opening brief. Although Banco's alleged loan agreement violations, use of "disinformation," and other anti-competitive practices may be highly relevant to the plaintiffs' claims under Puerto Rico law, the reply brief also fails to raise a genuine issue of material fact with respect to the BHCA claims. -4- 4 As a condition for the loan, Banco allegedly prohibited Executive from financing its leasing business with any other bank. This claimed exclusive dealing condition does not appear in the loan agreement. In fact, the agreement has an integration clause that provides: [This agreement] constitutes the entire agreement among the parties . . . . No covenant or condition not expressed in this agreement shall affect or be effective to interpret, change or restrict this agreement. No change, termination or attempted waiver shall be binding unless in writing. The exclusive dealing condition was allegedly part of Banco's scheme to drive Executive out of business and to take over its vehicle leasing operation for the benefit of Banco's corporate affiliate, Velco, which happened to be Executive's main competitor. To that end, Banco allegedly structured Executive's line of credit to create an inherent liquidity shortage; made premature and improper charges against Executive's account; and improperly refused to extend new credit to Executive when it was not in default. Executive eventually fell behind in its loan payments. In December, 1987, Banco called the loan. Plaintiffs claim that it did so without granting Executive a meaningful opportunity to obtain alternative financing, or placing Executive on default status as required by the loan agreement. In March, 1988, the parties entered an agreement to terminate the loan agreement. Executive agreed to -5- 5 transfer its main assets and all of its lease contracts -- even those in which Banco had no previous interest -- to Banco, allegedly for the benefit of Velco. The plaintiffs claim that under the Bank Holding Company Act, both the initial loan agreement and the 1988 termination agreement were extensions of credit conditioned upon a prohibited tying arrangement. II. DISCUSSION II. DISCUSSION __________ A. The loan agreement A. The loan agreement The plaintiffs argue that Banco violated the BHCA by extending credit to Executive on condition that it "not obtain some other credit, property, or service from a competitor of such bank . . . ." 12 U.S.C. 1972(1)(E).4 Because no such restriction appears in the agreement itself, and the loan agreement, by its clear language, "constitutes the entire agreement among the parties," the district court rejected the plaintiffs' extrinsic evidence of the exclusive dealing condition, including their own sworn affidavits. See ___ Executive Leasing, 1994 WL 448985, at *7 (citing P.R. Laws _________________ Ann. tit. 32, App. IV, R. 69(B) (1983) (Parol Evidence Rule) (evidence extrinsic to an oral or written agreement is  ____________________ 4. Under 12 U.S.C. 1972(1)(E), a bank may not, among other things, extend credit on the condition or requirement that "the customer shall not obtain some other credit, property, or service from a competitor of such bank . . . other than a condition or requirement that such bank shall reasonably impose in a credit transaction to assure the soundness of the credit." -6- 6 inadmissible where "all the terms and conditions constituting the true and final intention of the parties have been included"); P.R. Laws Ann. tit. 31, 3471 (1991) (Article 1233 of the Civil Code) ("If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed. . . ."); Vulcan Tools of Puerto Rico v. ____________________________ Makita USA, Inc., 23 F.3d 564, 567 (1st Cir. 1994) (applying _________________ Puerto Rico law; "[w]hen an agreement leaves no doubt as to the intent of the parties, a court should not look beyond the literal terms of the contract.")). Under Puerto Rico law, an agreement is "clear" when it can "'be understood in one sense alone, without leaving any room for doubt, controversies or difference of interpretation . . . .'" Catullo v. Metzner, 834 F.2d 1075, _______ _______ 1079 (1st Cir. 1987) (quoting Heirs of Ramirez v. Superior _________________ ________ Court, 81 P.R.R. 347, 351 (1959)). The plaintiffs concede _____ that the loan agreement is clear. They argue, however, that the written agreement was not in fact the entire agreement, and that we must consider extrinsic evidence of the parties' intent with respect to integration. This argument is supported by a selective reading of Article 1233 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, 3471: If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal -7- 7 sense of its stipulations shall be observed. If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail. Relying exclusively on the second sentence quoted, the plaintiffs argue that the words of the integration clause are in fact "contrary to the evident intention of the contracting parties." Yet to consider the extrinsic evidence at all, the court must first find the relevant terms of the agreement unclear. That requirement not being met, the district court correctly went no further. See Vulcan, 23 F.3d at 564 ___ ______ (because the contractual term "non-exclusive" is clear and unambiguous, there is "no need to dwell on" extrinsic evidence of the supplier's alleged promise to limit the number of its distributors); Ballester Hermanos, Inc. v. _________________________ Campbell Soup Co., 797 F. Supp. 103, 108 n.4 (D.P.R. 1992) __________________ (under Puerto Rico's Civil Code and parol evidence rule, parties may resort to extrinsic evidence of circumstances surrounding the document "to assist in the interpretation of an apparent conflict in the written text") (emphasis added); __ ___ _______ ____ Nike Int'l Ltd. v. Athletic Sales, Inc., 689 F. Supp. 1235 ________________ _____________________ (D.P.R. 1988) (under Article 1233 of the Civil Code, intent of the parties "is to be gleaned first from the literal terms -8- 8 of the contract and then, if necessary, from the ______________ circumstances surrounding its execution") (emphasis added).5 The plaintiffs attempt to distinguish our decision in Vulcan Tools, 23 F.3d at 567-68, where we excluded _____________ extrinsic evidence that was offered to vary a clear and unambiguous term of the contract, on the ground that fraud and illegality were not alleged. This argument is made only  ____________________ 5. The plaintiffs cite several civil law treatises for the proposition that the correct methodology for determining the intention of contracting parties is "to consider, not only the written contract itself, but all other evidence which would otherwise be admissible." The admissibility of the "other evidence" under Puerto Rico law, however, depends in the first instance on the clarity of the written contract. See Vulcan Tools, 23 F.3d at 567-68; Mercado-Garcia v. Ponce ___ ____________ ______________ _____ Fed. Bank, 979 F.2d 890, 894 (1st Cir. 1992) (where both __________ parties offered extrinsic evidence contradicting the clear terms of a promissory note, court is nonetheless "bound to look no further than the note itself"). We note, too, that the plaintiffs' extrinsic evidence of the actual practice of the parties would not have blocked summary judgment on their 1972(1)(E) claim. For example, Banco tolerated Executive's repeated overdrafts and delays in payment, even though the loan agreement required Executive to pay on time. The practice of permitting late payments and overdrafts strikes us as a reasonable accommodation to Executive; it raises no genuine question regarding the integration of the agreement. As for Banco's other alleged deviations from the loan agreement, the integration clause provides that "no change . . . shall be binding unless in _______ writing" (emphasis added). This is not a representation that there would never be any variance, however small, from the agreement. With respect to terms that the parties intended to be binding and enforceable, nothing plaintiffs have articulated on appeal leads us to doubt that the loan agreement should "be deemed as complete" under Puerto Rico's parol evidence rule. P.R. Laws Ann. tit. 32, App. IV, R. 69(B). In fact, on several occasions when Banco renewed Executive's line of credit or adjusted the terms of the loan, it did so in writing as required by the loan agreement. -9- 9 by the attempted incorporation of a surreply filed with the ________ district court; accordingly, it has been waived. In their original complaint, the plaintiffs made no allegation regarding exclusive dealing, let alone fraud. Fraud was not alleged in the amended complaint, or even in the tendered, but rejected, second amended complaint. Even were we to reach the argument of illegality, we would reject it on the merits. The plaintiffs' extrinsic evidence was offered not to illuminate (for example) the circumstances under which the agreement was made, see R. ___ 69(B), but to contravene an express term of the agreement. The plaintiffs have cited no authority to suggest that the illegality exception to Puerto Rico's parol evidence rule sweeps this far. The district court correctly excluded any evidence of the exclusive dealing condition. B. The termination agreement B. The termination agreement Under the BHCA, banks may not require, as a condition for extending credit, that "the customer provide some additional credit, property, or service to a bank holding company of such bank, or to any other subsidiary of such bank holding company." 12 U.S.C. 1972(1)(D). The plaintiffs allege that Banco violated 1972(1)(D) by forcing -10- 10 Executive to surrender its vehicle leasing business to Banco for the benefit of its leasing affiliate, Velco.6 The plaintiffs make only a cursory argument that Executive was in fact required to provide "additional . . . property" (as opposed to the collateral for the loan) within the meaning of the BHCA. For a "detailed exposition of the facts" and the plaintiffs' legal theories, we are directed to their pleadings below. We rule that the plaintiffs' argument under 1972(1)(D) has been waived.7 We turn now to two claims of procedural error, which we assess in light of their effect (if any) upon the summary judgment proceedings. C. The second amended complaint C. The second amended complaint The plaintiffs argue that the district court abused its discretion by denying them leave to file a second amended complaint. On January 18, 1994, the district court heard arguments on the need for a stay of discovery pending Banco's motion for summary judgment on the BHCA claims. The plaintiffs gave no hint that a second amended complaint was in the offing. By order of the court, Banco was to move for  ____________________ 6. Banco incorrectly asserts that the plaintiffs never invoked 1972(1)(D) before the district court. In fact, references to that section appear in the plaintiffs' opposition to summary judgment. 7. We therefore need not decide whether the workout of the loan constituted an "exten[sion of] credit" within the meaning of the BHCA. -11- 11 summary judgment by February 7, 1994, and the trial was scheduled for April 18, 1994. On February 1, 1994, the plaintiffs unexpectedly moved for leave to file a second amended complaint. The motion remained pending when the district court entered summary judgment for Banco. Rule 15(a) of the Federal Rules of Civil Procedure provides in part that leave to amend pleadings "shall be freely given when justice so requires." Absent factors such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or "futility of amendment," the leave sought should be granted. Foman v. Davis, 371 U.S. _____ _____ 178, 182 (1962). We are confident that the district court did not abuse its "considerable discretion" by implicitly rejecting the second amended complaint. Rodriguez v. Banco Central _________ _____________ Corp., 990 F.2d 7, 14 (1st Cir. 1993). This was the second _____ time that the plaintiffs had attempted to amend their complaint to forestall a dispositive motion (in this instance, Banco's summary judgment motion). The first motion for leave to file an amended complaint came after the _____ original complaint was dismissed. Moreover, after nearly five years of litigation and a prior amendment of the complaint, and with the trial less than three months away, the plaintiffs made allegations for the first time against -12- 12 Banco Popular, the successor-in-interest to defendant Banco de Ponce, based on conduct that took place after the _____ termination of the loan agreement -- conduct that "has continued to this date." "The further along a case is toward trial, the greater the threat of prejudice and delay when new claims are belatedly added." Rodriguez, 990 F.2d at 14. _________ Although the district court should have "state[d] explicitly its reasons for den[ying]" leave to amend, Kay v. New ___ ___ Hampshire Democratic Party, 821 F.2d 31, 34-35 (1st Cir. ___________________________ 1987), this reason for the denial is plain from the procedural history of the case: the plaintiffs were trying to prolong discovery and postpone a ruling on the summary judgment motion in the hope that "something concrete will eventually materialize . . . ." Dow v. United Bhd. of ___ _______________ Carpenters & Joiners of Am., 1 F.3d 56, 58 (1st Cir. 1993). ___________________________ The tendered complaint would have been futile in any event because it could not have blocked summary judgment on the jurisdictional BHCA claims. See Kay, 821 F.2d at 34 ___ ___ ("for the sole reason that [the proposed] amendment would have been futile, it was properly denied") (citing Foman, 371 _____ U.S. at 182). On appeal, the plaintiffs point to no particular amendment that might with appropriate discovery have raised a genuine issue of material fact. -13- 13 For all of these reasons, we reject the argument that the plaintiffs should have been allowed to file a second amended complaint. D. The stay of discovery D. The stay of discovery The plaintiffs argue that the district court abused its discretion by staying discovery during the summary judgment proceedings, and by denying their Fed. R. Civ. P. 56(f) motion for additional discovery. This argument has not been adequately developed on appeal and must be deemed waived. See, e.g., Plaintiffs' Brief at 26 ("Executive also ___ ____ showed, with great particularity, where discovery stood at the time. [That discussion is incorporated by reference[.] . . . ]") (citing two district court pleadings). We have searched the plaintiffs' brief in vain for a showing that their discovery requests, whether those pending at the time of the stay or those made pursuant to Rule 56(f), were necessary or even relevant to their opposition to summary judgment on the BHCA claims. Again, the plaintiffs fail to address the specific manner in which they were allegedly prejudiced by the claimed error. Double costs are assessed against plaintiffs' attorneys pursuant to Fed. R. App. P. 38. and 28 U.S.C. 1927. Affirmed. Affirmed. _________ -14- 14