**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2409

THE EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES,

Plaintiff, Appellant,

v.

SOFTEX PRODUCTS, INC., P.R.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Circuit Judge,

Arnold,* Senior Circuit Judge,

and Howard, Circuit Judge.

Marshal D. Morgan, with whom Francisco A. Besosa and Adsuar Muniz Goyco & Besosa, P.S.C. were on brief, for appellant.
John R. O'Connor for appellee.

October 27, 2003

---

* Of the Eight Circuit, sitting by designation.

**Per Curiam**.  Plaintiff Equitable Life Assurance Society ("Equitable") challenges, <u>inter alia</u>, the district court's entry of summary judgment in favor of defendant Softex Products, Inc., P.R. ("Softex") in a dispute over the allocation of property taxes in a lease agreement.  After due consideration of the record, we reverse.

## I.  Factual and Procedural Background

Beginning in November 1995, Softex leased a portion of a building in an industrial park owned by Industrial Warehouses, Inc. ("Industrial").  In the lease, Softex agreed to pay monthly rent, as well as its pro rata share (based on the square footage Softex occupied) of property taxes assessed to the parcel owned by Industrial.  The lease term was five years.

Softex manufactured paper products and, by virtue of its business line, was potentially eligible for a ninety-percent reduction in taxes under Puerto Rico law.  Softex sought and obtained a tax exemption from the Puerto Rico Office of Industrial Tax Exemption ("OITE") in 1996.[1]  Industrial, as owner of the

---

[1] The parties dispute the legal effect of this exemption. Equitable, the successor to Industrial's interest in the lease, argues that the exemption applied only to real and personal property that Softex <u>owned</u>, and that as to the leased property, Softex could only take advantage of the exemption if the owner also obtained a tax exemption.  Neither Industrial nor Equitable ever obtained a tax exemption from the Commonwealth for the property leased by Softex.  At oral argument, counsel for Equitable represented that as a result, Equitable is liable to the Commonwealth for the full (<u>i.e.,</u> unabated) amount of property taxes during Softex's tenancy, although it appears that those taxes have

property leased to Softex, unsuccessfully sought a tax exemption for the property in 1998; its application was denied with prejudice because Industrial had outstanding debts to the government.

In June 1999, Industrial transferred title to the property (and assigned all related leases) to Equitable, a New York corporation, as payment on an outstanding debt. At that time, Softex ceased contributing towards the taxes on the leased property. When Softex's lease expired at the end of 2000, the parties became embroiled in a dispute over the amounts due from Softex as a holdover tenant. Equitable initiated an eviction action against Softex in Puerto Rico superior court in March 2001, and soon thereafter brought the underlying diversity action seeking overdue rent, taxes, insurance premiums, and operating expenses. Within weeks, the parties settled most of their differences by a stipulation in the eviction action. The dispute over property taxes remained, however, and the federal action went forward on this basis.

---

not yet been paid because of administrative delays. It likewise appears that Softex paid some or all of its portion of the property tax assessments during the period that Industrial owned the property, without reduction on the basis of any purported exemption.

By contrast, Softex contends that the exemption entitled it to reimbursement for ninety percent of its taxes, regardless whether the taxes assessed on the property occupied by Softex were actually reduced by the Commonwealth. Because our conclusion turns on the language of the lease, we need not involve ourselves in this dispute.

In May 2001, Softex filed counterclaims against Equitable, seeking relocation costs, reimbursement for property taxes previously paid, and $50,000 in unspecified damages. Equitable moved to dismiss the counterclaims for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Softex opposed, and, after a somewhat irregular progression of filings, the district court was presented with what amounted to cross-motions for summary judgment on the counterclaims.[2] Equitable also moved for summary judgment on its own claims, alleging that the lease unambiguously required Softex to pay its full share of property taxes.

In a September 16, 2002 order, the district court denied Equitable's motion for summary judgment on its claims against Softex, concluding that the lease agreement was ambiguous as to who was responsible for the property taxes at issue. Turning to the legislative intent behind the tax exemption laws for guidance in interpreting the contract, the court found that Softex was entitled to a tax exemption, although the OITE had not in fact granted such

---

[2]Softex responded to the motion to dismiss in a filing titled "Opposition to Motion to Dismiss And/Or Motion for Summary Judgment Pursuant to Rule 56, Federal Rules of Civil Procedure." It asked the district court to consider an affidavit of a Softex officer who negotiated the lease. Softex did not, however, attach a statement of uncontested material facts as required by Local Rule 311.12. Equitable responded with a request that its motion to dismiss be treated as a cross-motion for summary judgment. Equitable submitted a statement of uncontested material facts in compliance with the local rules.

an exemption to Industrial or Equitable as owners of the property.

The district court granted Equitable's motion to dismiss the counterclaims in part, concluding that Softex failed to state any factual predicate for its claim of $50,000 in unspecified damages.[3]  The district court did not expressly award Softex relocation costs and reimbursement for prior property taxes paid, but appeared to do so implicitly by granting Softex's motion for summary judgment without explanation.  Equitable appealed.

## II.  Analysis

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002).  The district court's summary judgment ruling is subject to plenary review.  See id. Typically, we construe the record in the light most favorable to the nonmovant, resolving all reasonable inferences in that party's favor.  See id.  But here, the district court accepted the uncontested material facts submitted by Equitable because Softex failed to comply with Local Rule 311.12.  United Parcel Serv., Inc. v. Flores-Galarza, 318 F.3d 323, 330 & n.10 (1st Cir. 2003).  We uphold that ruling, which was well within the district court's discretion, see id., and consider the facts accordingly.

---

[3]Softex has not appealed this ruling.

On appeal, Equitable contends that the district court found contract ambiguity where there was none, and therefore acted improperly in interjecting the legislative intent underlying the tax laws into the parties' lease agreement. Equitable further argues that Softex is not entitled to the damages sought in the counterclaims. We find Equitable's arguments persuasive.

A.        Property Tax Liability

Equitable contends that the lease unambiguously assigned responsibility for taxes on the subject property to Softex. Section 4 of the lease agreement addressed the issue of taxes:

> (a) In addition to the minimum rental to be paid by LESSEE . . . <u>LESSEE agrees to pay to LESSOR in the manner and at the times hereinafter provided an amount equal to 26.716%[4] of all real estate taxes and assessments levied or imposed upon any and all of the parcel of land before described and on the building erected thereupon, and improvements thereto,</u> except that the LESSEE shall be under no obligation to pay any income, corporation, inheritance, devolution, gift or estate tax or any other tax which may be charged or assessed against the LESSOR, or any tax upon the sale, transfer, assignment of the title or estate of the LESSOR which at any time may be assessed against or become a lien upon the DEMISED PREMISES, this leasehold or the rent accruing therefrom. The LESSOR may have received or may receive in the future, tax exemptions on portion of the land and building for which the LESSEE may not be

_____

[4]The figure 26.716% is derived from the percentage of the industrial park property that Softex occupied. During its tenancy, Softex leased additional space, bringing its share of the property to 43.076%.

-6-

> entitled, in which case the LESSEE will be responsible for aforementioned percentage of real estate taxes and assessments based on the full assessed value without regard to any tax credits or exemptions.

(emphasis added).

The first part of § 4(a) states that Softex, as lessee, is responsible for its share of real estate taxes. This responsibility is underscored in the next sentence, which states that the lessee must pay its percentage of the full assessed value of the property, "without regard to any tax credits or exemptions" that the lessor obtains or may obtain in the future.

The district court noted that, in this case, it was the lessee, not the lessor, who held an exemption, and concluded that 4(a) "does not speak to [this] inverse situation." Finding this an ambiguity not addressed by the lease, the district court looked to the tax exemption laws for guidance. The district court concluded that Softex should have had the benefit of a reduction in property taxes, and therefore denied Equitable's claim for past due property taxes and granted Softex's claim for reimbursement by Equitable.

We take a different view of the lease, which required Softex to pay its share of "all real estate taxes and assessments levied or imposed" on the property owned by Equitable. This unqualified language governs, because nothing in the lease suggests that the parties intended to cap Softex's tax obligation at the tax-exempt rate. If Softex wanted its tax obligation to be pegged

-7-

to whether it received a discounted tax rate, it should have negotiated such a condition in the lease.  See Martin v. Vector Co., Inc., 498 F.2d 16, 24 (1st Cir. 1974).  Because the lease is clear, we look no further than its four corners.  31 P.R. Laws Ann. § 3471 ("If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed. If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail."); Executive Leasing Corp. v. Banco Popular de P.R., 48 F.3d 66, 69 (1st Cir. 1995) ("[T]o consider the extrinsic evidence at all, the court must first find the relevant terms of the agreement unclear.").

In addition to the rationale provided by the district court, Softex points to the absence of an integration clause in the lease, inviting us to consider extrinsic evidence purportedly showing that the parties intended that Softex would not be responsible for its full share of property taxes.  See Executive Leasing, 48 F.3d at 69.  Even if we assume arguendo that the absence of an integration clause allows us to consider such evidence, the outcome would be no different.  Having failed to contest Equitable's version of the facts or to present a statement of uncontested material facts in support of its own theory of the case, Softex is bound by the facts as presented by Equitable, which

-8-

do not include the parol evidence on which Softex hopes to rely.[5]

We conclude that, by virtue of the clear and unambiguous lease terms, Softex bore liability for the specified percentages of the property taxes ultimately imposed on the subject property, as well as the risk that the amounts assessed by the Commonwealth would not be reduced on the basis of a tax exemption. We therefore reverse the district court's entry of summary judgment in favor of Softex and remand with instructions that judgment be entered in favor of Equitable on this issue.

B.        Relocation Expenses

Equitable argues that the district court erroneously, and perhaps inadvertently, awarded Softex relocation costs and reimbursement for prior property taxes paid. Although the record is somewhat ambiguous, it appears that after the district court dismissed Softex's claim for $50,000 in unspecified damages on Equitable's motion, it granted summary judgment in favor of Softex

---

[5]Softex also contends that the language of the lease itself demonstrates that the parties intended that Softex would have the benefit of its tax exemption. As support, Softex points to the portion of § 4(a) that states that Softex "shall be under no obligation to pay any income, corporation, inheritance, devolution, gift or estate tax <u>or any other tax</u> which may be charged or assessed against the LESSOR" (emphasis added). Softex would have us conclude that this general "or any other tax" language prevails, rendering meaningless the preceding clause specifically assigning to Softex an obligation to pay a portion of the taxes on the property. Because we consider the terms of the lease together, rejecting interpretations that would render portions of the contract meaningless, <u>see</u> 31 P.R. Laws Ann. § 3475, we find this argument meritless.

-9-

on the remainder of Softex's counterclaim (_i.e._, relocation costs and prior property taxes paid by Softex).[6]  The district court did not make any factual findings regarding the relocation costs, nor did it draw any legal conclusions that could form a basis for imposing liability on Equitable.

Equitable argues that any costs sought by Softex would have been incurred in vacating the property at the conclusion of the lease, and that Softex has neither alleged nor proven any wrongdoing on Equitable's part that would give rise to liability for such costs.  Faced with the uncontested facts as presented by Equitable, and the dearth of documentation regarding the amount and nature of the damages sought by Softex,[7] we agree with Equitable.

---

[6]We reverse the district court's award of property taxes to Softex for the reasons discussed in Section II.A., above, and therefore limit our discussion of Softex's counterclaims to the issue of relocation expenses.

[7]Even if we did not adopt Equitable's version of the facts, Softex's opposition to Equitable's motion to dismiss (a putative motion for summary judgment on its counterclaims) presented no evidence documenting its purported $33,620.61 in relocation costs. Its sole supporting affidavit, a statement by an officer of the company, merely stated that Softex incurred "relocation expenses . . . due to the bad faith perpetrated by landlord onto the tenant." On appeal, Softex asks us to take judicial notice of the fact that it was forced to move equipment and machinery approximately thirty miles, which resulted in various fees and costs.  Such matters are not susceptible to judicial notice. American Foreign Ins. Assn. v. Seatrain Lines of P.R., Inc., 689 F.2d 295, 297 (1st Cir. 1982).

Accordingly, we also reverse the judgment below to the extent it awards Softex damages on its claim for relocation expenses.

## III.  Conclusion

For the foregoing reasons, we reverse and remand with instructions to enter judgment for Equitable on the issue of liability and dismissal of the counterclaims asserted by Softex. The case is remanded to determine the amount of Equitable's damages in further proceedings consistent with this opinion.

**<u>So ordered.</u>**