**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 05-2205

ROBERT G. DELLELO, ET AL.,

Plaintiffs, Appellants,

v.

MICHAEL MALONEY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Robert G. Dellelo and George Nassar on brief pro se.
Stephen G. Dietrick, Deputy General Counsel, and Nancy
Ankers White, Special Assistant Attorney General, on brief for
appellees.

August 23, 2007

**Per Curiam**.   Pro se appellants Robert Dellelo and George Nassar appeal the dismissal of their 42 U.S.C. § 1983 suit against state administrators and corrections officials. After considering the arguments made in the original and supplemental briefs,[1] we affirm.

### 1.   State-Law Haverty Claim

In their complaint seeking money damages, appellants raised a pendent state-law claim based on Haverty v. Commissioner of Correction, 437 Mass. 737 (2002).  In Haverty, an inmate class action suit seeking declaratory and injunctive relief, the Supreme Judicial Court of Massachusetts ("SJC") concluded, as a matter of state law, that prison officials must comply with certain state regulations before housing inmates for nondisciplinary reasons in the East Wing at MCI-Cedar Junction.  Id. at 763 (excepting "brief" housing assignments). The district court dismissed appellant Dellelo's Haverty claim for lack of exhaustion.  It dismissed appellant Nassar's claim based on a lower state court decision involving a different inmate's Haverty claim, which concluded that prison officials had qualified immunity from suit.

---

[1]When this appeal first came before the court, we ordered the appeal stayed pending a decision by the state's highest court on a pertinent state-law issue.  As is indicated below, the state court has recently issued its decision.  Therefore, we lifted the stay order and directed supplemental briefing addressing that decision.

Recently, the SJC affirmed the lower court's qualified immunity ruling. It held that prison officials "could have reasonably . . . concluded, prior to October 10, 2002, the date the Haverty opinion was issued, that the law did not compel their compliance with the [state] regulations." See Longval v. Commissioner of Correction, 448 Mass. 412, 422 (2007). In their supplemental brief, appellants argue that the SJC erroneously decided the qualified immunity issue. However, "the views of the state's highest court with respect to state law are binding on the federal courts." Wainwright v. Goode, 464 U.S. 78, 84 (1983); see also Largess v. Supreme Judicial Court for the State of Massachusetts, 373 F.3d 219, 224 (1st Cir.) (noting that "the decisions of a state's highest court on issues of state law . . . are generally treated as authoritative by federal courts"), cert. denied, 543 U.S. 1002 (2004). Based on Longval, we affirm the dismissal of appellants' Haverty claims.

2. Remaining Claims

The district court dismissed the remaining claims on the ground that appellants had not exhausted their administrative remedies, as required by federal and state law. On appeal, appellants allege only that the district court's decision failed to address the numerous contentions they made in that court on the exhaustion question. They identify the

district court filing containing their contentions, but fail to discuss any particular argument, let alone establish that it had merit. Following our usual practice, we decline to consider appellants' undeveloped claim. See Executive Leasing v. Banco Popular de Puerto Rico, 48 F.3d 66, 68 (1st Cir. 1995) (deeming an appellate claim "waived" where the appellant provided no supporting argument but merely referred the court of appeals to its district court filings).

Affirmed. Appellants' pending motions are denied as moot.